UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EVA WARE, individually and on
behalf of all others similarly
situated,

                        NO. CIV. S-05-723 FCD/KJM

        Plaintiffs,

    v.                   <u>MEMORANDUM AND ORDER</u>

SECURITY NATIONAL SERVICING
CORPORATION, et al.,

        Defendants.

----oo0oo----

    This matter is before the court on plaintiff Eva Ware's
motion to remand and award attorney fees pursuant to 28 U.S.C.
§ 1447(c) based upon the allegedly improper removal of the case
from the Sacramento County Superior Court.  Defendants, Security
National Servicing Corporation ("SNSC") and Security National
Holding Company, LLC ("SNHC"), oppose the motion.[1]

/ / /

/ / /

---

      [1]   Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 78-230(h).

1

**BACKGROUND**

Plaintiff originally filed her complaint in Sacramento County Superior Court on March 15, 2005.  Defendants removed the action to this court on April 13, 2005.

As alleged in the complaint, plaintiff was employed as a full-time Information Technology Project Manager by defendant SNSC from December 6, 2004 to December 17, 2004.  (Pl.'s Compl. ¶ 6.)  Plaintiff claims that she was forced to resign from this position because she insisted that defendant pay her as an employee, rather than as an independent contractor.  (Pl.'s Compl. ¶ 15.)  Defendants deny plaintiff's employee-classification; instead, they allege that plaintiff was engaged by defendant SNSC as an independent contractor to perform a specific project during this time period.  (Defs.' Answer ¶ 6.)  Thus, the present action stems from issues relating to the legal relationship between the parties and the circumstances giving rise to the subsequent termination of that relationship.

Plaintiff's complaint alleges three causes of action: (1) wrongful constructive discharge in violation of public policy; (2) a violation of California Labor Code section 203; and (3) breach of contract.  (Pl.'s Compl. ¶¶ 12-39, 40-42, 43-47.)  Plaintiff's first and second causes of action facially appear to be based on state law alone; however, plaintiff bolstered these claims by referencing defendants' purported violations of the

/ / /

/ / /

/ / /

/ / /

2

federal Fair Labor Standards Act("FLSA"),[2] various Internal
Revenue Code sections,[3] and evasion of federal payroll tax
responsibilities and obligations.[4] (Pl.'s Compl. ¶¶ 11, 16, 36,
41.)  Defendants, arguing that plaintiff alleged federal claims
for relief, filed a notice of removal on the basis of federal
question jurisdiction.[5]  In response, plaintiff filed the instant
motion to remand and seeks attorney fees of $2,250.00.

/ / /

/ / /

/ / /

---

[2]    Paragraph 11 of plaintiff's complaint reads as follows:
"If and only if this case is removed to federal court then
Plaintiffs allege that the foregoing acts also violate the FLSA."
Paragraph 36 delineates in relevant part that: "Defendant's [sic]
conduct also violates public policies contained in the Federal
Standards Labor Act . . . ."  The relevant portion of paragraph
41 reads: "The Defendant's [sic] failure to pay wage
contributions . . . was willful in that Defendants required their
employees to work as independent contractors to evade . . . the
FLSA . . . ."

[3]    The relevant portion of paragraph 36 states:
"Defendant's [sic] refusal to pay plaintiff as an employee in
order to evade payroll tax obligations thus constructively
terminating Plaintiff's employment violates public policies in .
. . 26 USC sections 3111, 3301, 3101, 3102, and 7501."

[4]    Paragraph 16 of plaintiff's complaint states in
pertinent part: "Defendants [sic] refusal to pay Plaintiff as an
employee as required by law is part of a scheme to increase
profits by evading payroll taxes.  Defendants engage in a pattern
and practice of paying employees as independent contractors to
evade payroll tax responsibilities and obligations."  The
relevant part of paragraph 41 reads: "The Defendant's [sic]
failure to pay wage contributions . . . was willful in that
Defendants required their employees to work as independent
contractors to evade their payroll tax responsibilities . . . ."

[5]    Defendants did not assert diversity jurisdiction in
this matter, nor provide sufficient facts for the court to make a
proper determination of its existence.  Therefore, the only
inquiry made at this time is whether removal was proper based on
federal question jurisdiction.

3

**STANDARD**

A defendant may remove any civil action from state court to the United States district court encompassing the location where the action is pending, if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Citizenship of the parties is irrelevant where the district court's jurisdiction is based on a federal question. 28 U.S.C. § 1441(b). District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The removal statute is strictly construed because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941); <u>See also</u> <u>Duncan v. Stuetzle</u>, 76 F.3d 1480 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right to removal in the first instance." <u>Gaus v. Miles, Inc.,</u> 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, the party seeking removal has the burden to establish that federal jurisdiction is proper. <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 USC § 1447(c).

Generally, courts determine the propriety of removal based upon federal question jurisdiction by considering the allegations on the face of the plaintiff's "well-pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). As the

4

master of the complaint, a plaintiff may defeat removal by foregoing independent federal claims for relief and asserting only state law causes of action.  <u>Arco Envtl. Remediation, L.L.C. v. Dep't. of Health & Envtl. Quality of Mont.</u>, 213 F.3d 1108, 1114 (9th Cir. 2000) (citations omitted).  Thus, federal question jurisdiction "may not be sustained on a theory that the plaintiff has not advanced."  <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 809 n.6 (1986).  However, the well-pleaded complaint rule does not apply when the plaintiff attempts to defeat removal by using "artful pleading" to disguise or conceal a federal claim as a state claim.  <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389, 1393 (9th Cir. 1988).

"[F]ederal courts have jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983).

### **ANALYSIS**

### **1. <u>Conditional Claim</u>**

Defendants contend that certain of the references to federal law described above establish that plaintiff is alleging federal claims for relief.  First, plaintiff states in her complaint: "*If and only if this case is removed to federal court* then Plaintiffs allege that the foregoing acts also violate the FLSA." (Pl.'s Compl. ¶ 11).  This is a conditional statement, which plaintiff expressly states is to only take effect if the action is removed

5

to federal court.  Obviously, the corollary is that, if the
action is not removed, plaintiff does not assert a violation of
the FLSA.  Thus, as to this allegation, plaintiff's complaint
does not establish that "federal law creates the cause of action,
or that the plaintiff's right to relief necessarily depends on
resolution of a substantial question of federal law."  <u>Franchise
Tax Bd.</u>, 463 U.S. at 27-28.  Accordingly, contrary to defendants'
contention, this is not a sufficient basis for removal based upon
federal question jurisdiction.

### 2. <u>Wrongful Constructive Discharge</u>

Defendants argue that removal is proper because plaintiff
bases the constructive discharge element of her first cause of
action upon defendants' alleged "refusal to pay plaintiff as an
employee in order to evade payroll tax obligations."  (Pl.'s
Compl. ¶ 36.)  In essence, defendants assert that plaintiff is
alleging a claim under the Internal Revenue Code based on
defendants' purported evasion of federal payroll tax obligations.

To state a cause of action for wrongful constructive
discharge in violation of public policy, a plaintiff must first
allege there was a constructive discharge.  <u>Turner v. Anheuser-
Busch, Inc.</u>, 7 Cal.4th 1238, 1251-52 (1994).  "In order to
establish a constructive discharge, an employee must plead and
prove . . . the employer either intentionally created or
knowingly permitted working conditions that were so intolerable
or aggravated at the time of the employee's resignation that a
reasonable employer would realize that a reasonable person in the
employee's position would be compelled to resign."  <u>Id.</u> at 1251.
Although it may not be *necessary* for plaintiff to allege facts

6

regarding defendants' purported motivation to treat plaintiff as
an independent contractor, rather than an employee, the inclusion
of these facts does not transform plaintiff's underlying cause of
action for constructive discharge into a federal claim for
relief.  Plaintiff is not pleading a claim under federal law, but
apparently made reference to the alleged violations of federal
law to demonstrate defendants' improper motive or intent to
substantiate her constructive discharge theory.

The present case is distinguishable from <u>Bright v. Bechtel
Petroleum, Inc.</u>, 780 F.2d 766 (9th Cir. 1986), relied on by
defendants.  In that case, the plaintiff brought an action
against his employer in state court alleging that his employer
had breached their employment contract by paying him less than
required by the contract.  <u>Id.</u> at 768.  The plaintiff's cause of
action arose because the Internal Revenue Service ("IRS") denied
the plaintiff's exemption from federal withholding tax on his W-4
Form and ordered the defendant to withhold federal income tax
from plaintiff's paycheck.  <u>Id.</u>  The defendant removed the case
to federal district court alleging that plaintiff's action
challenged the defendant's withholding of federal income tax from
his paycheck, and thus, asserted a federal claim for relief.  <u>Id.</u>
at 769.

The Ninth Circuit held that the defendant, "through
background information . . . demonstrated that [plaintiff],
despite 'artfully pleading' his action as a breach of contract,
in fact is challenging federal income tax withholding laws and
regulations."  <u>Id.</u>  The court emphasized that the plaintiff wrote
two letters to the defendant criticizing the IRS directive as

7

1   illegal and citing IRS statutes, plaintiff referenced a Ninth

2   Circuit withholding case in one letter, and the plaintiff

3   admitted, after removal, that he only wanted to litigate the

4   withholding of state income tax at that point.  Id.  These facts

5   taken together, demonstrated that the plaintiff was "artfully

6   pleading" a federal claim for relief and removal to federal

7   district court was proper.  Id. at 700.

8        The "artful pleading" doctrine has been described by the

9   Ninth Circuit as "'a narrow exception to the straightforward

10  rules of removal jurisdiction,'" where "a court may

11  recharacterize a plaintiff's claims as federal if 'the particular

12  conduct complained of [is] governed exclusively by federal law.'"

13  Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477,

14  479 (9th Cir. 1990) (internal citations omitted).  Unlike Bright,

15  here, the claim does not arise from defendants' non-compliance

16  with federal law, nor do we have extrinsic evidence demonstrating

17  that plaintiff's "true motive" is to bring a claim under federal

18  law.  To the contrary, plaintiff has expressly admitted in her

19  motion to remand that she "does not seek any federal remedies."

20  (Pl.'s Mot. to Remand at 3.)

21       The present case is more analogous to Rains v. Criterion

22  Systems, Inc., 80 F.3d 339 (9th Cir. 1996), where the Ninth

23  Circuit addressed the removal of a claim analogous to the claim

24  in this case.  In Rains, the plaintiff brought an action in state

25  court against his employer, inter alia, for wrongful termination

26  in violation of public policy.  Id. at 342.  Subsequently, the

27  defendants removed the case to federal district court.  Id.  To

28  establish the basis for a fundamental public policy to support

8

1   his wrongful termination claim, the plaintiff referenced public

2   policy contained in the California Constitution, the California

3   Fair Employment and Housing Act, and Title VII of the Civil

4   Rights Act of 1964 ("Title VII").  Id. at 343.  The Ninth Circuit

5   held that because state, not federal, law creates the cause of

6   action for wrongful discharge in violation of public policy, the

7   references to Title VII did not transform that state cause of

8   action into a federal claim for relief.  Id. at 343-44.  The

9   court stated that "the complaint merely incorporates Title VII as

10  one of several similar sources of public policy supporting

11  defendant's [sic] state law claims."  Id. at 344.

12      Thus, under Rains, plaintiff can rely on federal public

13  policy to support her claim without converting the cause of

14  action into a federal claim for relief.  Here, plaintiff has

15  supported her claim by referencing defendants' alleged violations

16  of the public policies contained in various California

17  Unemployment Code sections, Internal Revenue Code sections, the

18  FLSA, and Title 8 of the California Code of Regulations.  These

19  allegations are appropriate and do not support removal of the

20  action on the basis of a federal question.

21          **3. <u>Violation of California Labor Code</u>**

22      Plaintiff's second cause of action under California Labor

23  Code section 203, also contains reference to federal law.

24  Defendants maintain that as a result of plaintiff's inclusion of

25  federal violations as a prerequisite to nonpayment under the

26  statute, a federal claim for relief is created.  To make this

27  showing, defendants rely upon Breuer v. Jim's Concrete of

28  Brevard, Inc., 538 U.S. 691 (2003); however, their reliance is

                                9

1    misplaced.   In <u>Breuer</u>, the Supreme Court held that a suit *under*

2    the FLSA may be removed from state to federal court.   <u>Id.</u> at 700.

3    However, plaintiff is not bringing her suit *under* the FLSA,

4    instead her cause of action is based upon the California Labor

5    Code.

6         The relevant portion of Section 203 provides: "[i]f an

7    employer willfully fails to pay . . . any wages of an employee

8    who is discharged or who quits, the wages of the employee shall

9    continue as a penalty from the due date thereof at the same rate

10   until paid or until an action therefor is commenced . . . . "

11   Cal. Labor Code § 203 (West 2003).   Plaintiff's cause of action

12   under Section 203 specifically references defendants' alleged

13   violations of federal law, namely evasion of federal payroll tax

14   responsibilities and the FLSA.   These references provide evidence

15   of defendants' alleged "willful" failure to pay plaintiff, an

16   express requirement of Section 203.   They are not federal claims.

17   Furthermore, under her second cause of action, plaintiff only

18   requests the specific damages proscribed by the Labor Code, the

19   penalty of plaintiff's daily rate multiplied by 30 days; thus,

20   further supporting a finding that no federal claim is asserted.

21        Indeed, plaintiff's allegations are similar to those of the

22   plaintiff in <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979

23   (9th Cir. 1997).   In that case, the plaintiff's complaint alleged

24   sexual harassment, *inter alia*, claiming that the described

25   conduct was in violation of Title VII, the right to privacy under

26   the California and federal constitutions, as well as various

27   state common law and statutory rights.   <u>Id.</u> at 981.   The Ninth

28   Circuit emphasized that the references to federal law in the

                                    10

plaintiff's state law claims were only incidental, the plaintiff
was not requesting federal remedies, and the plaintiff
persistently denied any claim for federal relief.  <u>Id.</u> at 982.
The court relied on the totality of the circumstances to hold
that the plaintiff's action should have been remanded to state
court.  <u>Id.</u>

        Like <u>Easton</u>, viewing the totality of the circumstances in
this case, plaintiff has expressly admitted she is not alleging a
federal claim for relief and she does not seek any federal
remedies.  Substantively, her references are either supportive of
the state claim or are merely incidental to the claim.
Therefore, plaintiff's second cause of action does not state a
legally sufficient basis for federal question jurisdiction.

        **4**.  **<u>Award of Attorney Fees</u>**

        As part of her motion to remand, plaintiff requests an award
of attorney fees incurred in response to the removal.  "An order
remanding the case may require payment of just costs and any
actual expenses, including attorney fees, incurred as a result of
the removal."  28 USC § 1447(c).  District courts are given
discretion whether to award fees depending on the circumstances
of the case.  <u>See</u> <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>,
208 F.3d 1102, 1106 n.6 (9th Cir. 2000) (explaining that bad
faith is no longer a prerequisite to an award of fees; however,
it is in the discretion of the district court not to award fees
when removal was fairly supportable, even though wrong as a
matter of law).

        Defendants have presented at least a colorable basis for
removal.  In general, it is difficult to discern the actual legal

11

theories of plaintiff's complaint without reference to the "point headings" for each cause of action.  Moreover, plaintiff's complaint is supported by numerous references to defendants' purported violations of federal law, some of which appear to be unnecessary to support plaintiff's state law causes of action. The combination of these things created ambiguity, and thus it was not unreasonable for defendants to remove the present action to federal court.  Although defendants have ultimately failed to meet the burden necessary to justify removal, an award of attorney fees and costs is not warranted.

**CONCLUSION**

For the foregoing reasons, plaintiff Eva Ware's motion to remand is GRANTED.  Plaintiff's request for an award of attorney fees is DENIED.

IT IS SO ORDERED.

DATED: June 17, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE